FILED

JUL 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50322 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00162-CJC-1 |
| v. | |
| JESSE ALEXANDER HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 7, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Jesse Hernandez appeals from the district court's denial of his motion to

suppress evidence, after which he entered a conditional guilty plea to possession of

a firearm in violation of 18 U.S.C. § 922(g)(1). We reverse. Because the parties

are familiar with the history of this case, we need not recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

Hernandez has standing to challenge the disputed search and seizure. The government contends that his probationary status deprives him of standing. However, a probation search condition permits law enforcement to perform a search with less than probable cause or reasonable suspicion "only if the police had advance knowledge that the search condition applied before they conducted the search." *United States v. Caseres*, 533 F.3d 1064, 1075-76 (9th Cir. 2008). It is undisputed in this case that the officers had no prior knowledge of Hernandez's status.

II

Because it was not a probationary search, the search conducted in this case was valid only if the officers had reasonable suspicion that Hernandez was involved in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). To determine whether there was reasonable suspicion to detain an individual for questioning, courts "must consider the totality of the circumstances surrounding the stop." *United States v. Hall*, 974 F.2d 1201, 1204 (9th Cir. 1992). Considering the totality of the circumstances here, the search was not justified by reasonable suspicion.

There is no dispute that Hernandez was the victim of a crime. The bus driver reported to police that two assailants had entered his bus, beaten Hernandez, and threatened to kill him. Hernandez was identified as the victim of possible criminal activity to the police as soon as they arrived at the scene. However, instead of investigating and detaining the assailants, who simply ran away after police arrived, the police extensively questioned and searched the victim. Nervousness alone does not justify the search. *Moreno v. Baca,* 431 F.3d 633, 642 (9th Cir. 2005). Suspicion of drug use or a conclusory statement about officer safety do not provide the reasonable suspicion necessary to conduct a search for weapons. *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1022 (9th Cir. 2009). In sum, the totality of circumstances in this case does not justify the search.

Nor is the search justified by the inevitable discovery doctrine. The government argues that if the officers had checked, they would have discovered an outstanding arrest warrant. This theory is persuasive only if "there is no question that the initial stop was based on reasonable suspicion." *Hiibel v. Sixth Judicial Dist. Court of Nev.*, 542 U.S. 177, 184 (2004). Here, it was not.

**REVERSED.**